```
         IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MONTANA
                   MISSOULA DIVISION
_____

TODD COLIN OATMAN,                Cause No. CV 05-6-M-JCL

         Petitioner,

    vs.                           FINDINGS AND RECOMMENDATION
                                  OF U.S. MAGISTRATE JUDGE
MIKE MAHONEY,

         Respondent.
_____
```

On January 14, 2005, the Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 11, 2005, the Petitioner filed a notice of his change of address to the Butte Prerelease Center, and all subsequent Court Orders have been sent to that address.

The Court reviewed the petition, and on November 2, 2005, it ordered the Petitioner to file a brief explaining his failure to timely file his petition within the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). The Petitioner did not respond to the Order, and he did not file a brief as directed.

On May 24, 2006, the Court issued an Order directing the

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 1

Petitioner to show cause, within 10 days of the date of the Order, why this case should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.  The Petitioner has not filed any response to the May 24 Order.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with ... any order of court."[1]  The Court may dismiss a case under Rule 41(b) *sua sponte*.  *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

**1.  Expeditious Resolution**

"The public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  As demonstrated by

---

[1] Rule 41(b) is equally applicable in habeas corpus cases. *See Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 2

the history of this case discussed above, the Petitioner has not actively pursued his habeas claims, and he has apparently abandoned his case.  He has not filed any further documents in this case since February 11, 2005.  Since he has not expeditiously prosecuted his claims this factor weighs in favor of dismissal.

    2.  **Docket Management**

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."  *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990).  Litigants who do not actively pursue their claims or do not obey the Court's orders disrupt the Court's handling of other matters by consuming time and resources needed by other litigants who are active and compliant.  The Court has already consumed time and expended resources in an effort to move this case towards a resolution, but based on the Petitioner's failure to respond to the Court's Orders it now appears he has no interest in pursuing his habeas claims.  Under these circumstances, in the interest of judicial economy the Court's time is better spent on cases in which the litigants are actively pursuing their claims.  This factor weighs in favor of dismissal.

    3.  **Prejudice to Respondent**

"To prove prejudice, a defendant must establish that

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 3

plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

The Petitioner's delay in prosecuting this case will prejudice the Respondent and his ability to defend against Petitioner's challenges to his conviction or sentence. As time goes on, the facts supporting the claims, and witnesses' memories of such facts become stale, making it more difficult for either party to litigate this case. Although the Court's review in a habeas case such as this is somewhat limited by 28 U.S.C. § 2254(d) to a review of only the state court's decision, the staleness of the claims sufficiently threatens to interfere with the rightful decision of the case. *Pagtalunan*, at 643 (finding that stale evidence and faded memories prejudice the litigation). *See also Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

### 4. Alternatives

The Court has already afforded the Petitioner opportunities to avoid a dismissal of this case. The Court has reviewed the petition in this case and has given the Petitioner an opportunity to brief the the statute of limitations issue which may bar his habeas claims. Finally, the Court issued a show cause order giving him an opportunity to explain why this case should not be

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 4

dismissed.  In that Order the Court cautioned the Petitioner that this case was subject to dismissal pursuant to Rule 41(b) for lack of prosecution.  The Petitioner has not responded to the Orders, has not taken advantage of the opportunities previously provided to him, and has not heeded the warning that this case could be dismissed.  There is no reason to expect the Petitioner will "respond more satisfactorily to a second round" of opportunities than he did the first time.  *Henry*, 983 F.2d at 948.  The Court is also not required to exhaust all alternative less-drastic sanctions prior to dismissal.  *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

**5.  Disposition on Merits**

Finally, public policy favors the disposition of cases on their merits.  *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  This factor will always counsel against dismissal.

Based on the foregoing, although the policy in favor of disposition on the merits weighs against dismissal under Rule 41(b), the public's interest in expeditious resolution of litigation, the Court's interest in managing its own docket, the risk of prejudice to the Respondent, and the lack of meaningful alternatives weigh in favor of dismissal.  Accordingly, the Court enters the following:

**RECOMMENDATION**

This case should be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636(b)(1), they have the right to file written objections to this Findings and Recommendation.  Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the date this Findings and Recommendation is signed, or objection is waived.

DATED this   31st   day of October, 2006.


　　　　　　　　　　　　　　　　　　 /s/ Jeremiah C. Lynch
　　　　　　　　　　　　　　　　　　Jeremiah C. Lynch
　　　　　　　　　　　　　　　　　　United States Magistrate Judge